**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Timothy Charles Holmseth,                            Civil No. 14-2970 (DWF/LIB)

         Plaintiff,

v.                                              **ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION**

City of East Grand Forks, a municipal entity
in the state of Minnesota; Ronald Galstad,
city attorney for City of East Grand Forks,
in his official and individual capacity; Barb
Erdman, Sheriff of Polk County, Minnesota,
in her official and individual capacity; James
Richter, director of Economic Development
and Housing Authority (retired), in his official
and individual capacity; Michael Hedlund, chief
of police for City of East Grand Forks, in his
official and individual capacity; David Murphy,
adminsitrator for the City of East Grand Forks,
in his official and individual capacity; Rodney
Hajicek, lieutenant detective at
East Grand Forks Police Department, in his
official and individual capacity; Aeisso Schrage,
police officer at East Grand Forks Police
Department, in his official and individual capacity;
Michael Lacoursiere, public defender for
Minnesota Public Defender's Office, in his
official and individual capacity; John Doe, in his/her
official and individual capacity; Jeanette Ringuette,
administrative assistant at the Grand Forks National
Weather Service Office, in her official and
individual capacity; and Michael Norland, deputy
at the Polk County Sheriff's Office, in his official
and individual capacity,

         Defendants.

This matter is before the Court upon Plaintiff Timothy Charles Holmseth's ("Plaintiff") objections (Doc. No. 109) to Magistrate Judge Leo I. Brisbois's March 23, 2015 Report and Recommendation ("R&R") (Doc. No. 107) insofar as it recommends that: (1) the City Defendants' Motion to Dismiss and/or for Summary Judgment be granted; (2) the County Defendants' Motion to Dismiss be granted; (3) Defendant Galstad's Motion to Dismiss be denied; (4) Defendant Galstad's Amended Motion to Dismiss and/or for Summary Judgment be granted; (5) Defendant LaCoursiere's Motion to Dismiss be granted; (6) Defendant Ringuette's Motion to Dismiss and/or for Summary Judgment be granted; and (7) Plaintiff's Motion for Injunctive Relief be denied.

Defendants Barb Erdman and Michael Norland filed a response to Plaintiff's objections on April 6, 2015. (Doc. No. 115.) Defendant Jeanette Ringuette filed a response to Plaintiff's objections on April 6, 2015. (Doc. No. 117.) Defendant Ronald Galstad filed a response to Plaintiff's objections on April 6, 2015. (Doc. No. 118.) Defendant Michael Lacoursiere filed a response to Plaintiff's objections on April 6, 2015. (Doc. No. 121.)

Plaintiff has also filed a number of self-styled "motions" and letters (Doc. Nos. 126, 127, 128, 129, 130, 131, 132), including a Request for Leave to File Amended Motion and/or Supplement Motion (Doc. No. 108) and a Request to Amend Original Complaint (Doc. No. 123). The Court addresses all pending matters below.[1]

---

[1] On April 6, 2015, the Court referred Plaintiff to this District's Federal Bar
(Footnote continued on next page)

First, with respect to Magistrate Judge Brisbois's R&R and the pending motions to dismiss, the Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the R&R and is incorporated by reference for purposes of Plaintiff's objections.

Plaintiff appears to object to Magistrate Judge Brisbois's findings and conclusions in their entirety. Specifically, Plaintiff includes eight objections which essentially reiterate those arguments previously made to the Magistrate Judge. Further, Plaintiff appears to disagree with the Magistrate Judge's legal conclusions, including with respect to the legal requirements for adequately stating claims for various constitutional violations.

Defendants all counter that Plaintiff has failed to present any specific objections to the R&R as required under the Federal Rules of Civil Procedure and that Magistrate Judge Brisbois properly concluded that Plaintiff failed to state any claims for relief.

The Court agrees. The Court acknowledges that Plaintiff is *pro se* and that *pro se* pleadings are "to be construed liberally" by the Court. *Burgs v. Sissel*, 745 F.2d 526, 528

---

(Footnote continued from previous page)
Association *Pro Se* Project to assist Plaintiff in finding pro bono counsel. Plaintiff agreed to participate in the program. Unfortunately, after numerous attempts, the program was unable to find an attorney who was free of conflicts and able to represent Plaintiff.

(8th Cir. 1984). However, even construing Plaintiff's pleadings liberally and assuming Plaintiff's objections were proper, the Court still concludes that Plaintiff's objections fail to present grounds for this Court to deviate from the Magistrate Judge's R&R. First, Plaintiff's objections as to the legitimacy of the protective order in Florida do not change Plaintiff's failure to state cognizable claims. Second, the same is true with respect to Plaintiff's objections to the transfer and search of his hard drive. Even if the facts were true as alleged by Plaintiff, he still could not state any claims. As Defendants note, the search of the hard drive was pursuant to a valid search warrant, and therefore does not support any legally cognizable constitutional violations. Third, Plaintiff's allegations relating to a "conspiracy" are all conclusory in nature and similarly cannot support legal claims. Finally, Plaintiff's generalized objections to the Magistrate Judge's recommendation to dismiss all claims against all Defendants also fail to provide adequate grounds for this Court to deviate from Magistrate Judge Brisbois's extremely detailed and thorough R&R. In sum, based on a *de novo* review of the record before the Court, the undersigned agrees with the Magistrate Judge's determination that Plaintiff's Complaint fails to state any valid claims.

Further, the Court has also considered the allegedly new evidence outlined by Plaintiff in an additional letter to the Court dated March 17, 2015, which involves alleged police abuse and corruption. The Court concludes that even if these allegations were true, they still fail to support *Plaintiff's* specific claims regarding his encounters with the

East Grand Forks Police Department and the specific issues now being considered by the Court in *this* case. Thus, even with these additional allegations, Plaintiff's Complaint would still not survive a motion to dismiss for all of the reasons set forth in the R&R. As a result, the Court concludes that Plaintiff has failed to assert any plausible claims against Defendants. Consequently, the Court adopts the Magistrate Judge's R&R in its entirety.

Second, with respect to Plaintiff's self-styled motions to amend his motion and Complaint, the Court has reviewed Plaintiff's filings. In the Request for Leave to File Amended Motion and/or Supplement Motion (Doc. No. 108), Plaintiff appears to reassert those claims made in his objections to the R&R.[2] Therefore, the Court's above-analysis regarding Plaintiff's objections applies equally here. Thus, there are no grounds for granting Plaintiff's request. Similarly, the Court's above-analysis regarding Plaintiff's objections again applies to Plaintiff's request to amend his Complaint (Doc. No. 123). Plaintiff again states that he possesses evidence involving the Defendants in this matter and violations of his constitutional rights, including alleged evidence relating to child pornography. However, again, even taking Plaintiff's "new" or additional evidence as true, he still fails to state any cognizable claim in this matter. This analysis includes the Court's consideration of Plaintiff's letters (Doc. Nos. 126, 127, 128, 129, 130, 131, 132), which include allegations relating the Defendants and issues of harassment, pornography, Plaintiff's hard-drive, among others that have already generally been presented by

---

[2] The Court notes that this filing was received before Plaintiff's objections.

Plaintiff in his previous filings, but which still do not enable Plaintiff to state cognizable claims. In sum, Plaintiff has failed to state claims for relief, Plaintiff has not shown that amendment of his motion or Complaint would alter his failure to state claims or is merited, and the action must be dismissed.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Plaintiff Timothy Charles Holmsteth's objections (Doc. No. [109]) to Magistrate Judge Leo I. Brisbois's March 9, 2015 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's March 9, 2015 Report and Recommendation (Doc. No. [107]) is **ADOPTED**.

3. The City Defendants' Motion to Dismiss and/or for Summary Judgment (Doc. No. [13]) is **GRANTED.**

4. The County Defendants' Motion to Dismiss (Doc. No. [23]) is **GRANTED**.

5. Defendant Galstad's Motion to Dismiss (Doc. No. [32]) is **DENIED.**

6. Defendant Galstad's Amended Motion to Dismiss and/or for Summary Judgment (Doc. No. [54]) is **GRANTED**.

7. Defendant LaCoursiere's Motion to Dismiss (Doc. No. [61]) is **GRANTED.**

8. Defendant Ringuette's Motion to Dismiss and/or for Summary Judgment (Doc. No. [84]) is **GRANTED**.

9. Plaintiff's Motion for Injunctive Relief (Doc. No. [72]) is **DENIED**.

10. Plaintiff's Request for Leave to File Amended Motion and/or Supplement Motion (Doc. No. [108]) is **DENIED**.

11. Plaintiff's Request to Amend Original Complaint (Doc. No. [123]) is **DENIED**.

12. The action is **DISMISSED WITH PREJUDICE** in its entirety**.**

13. Plaintiff is enjoined from submitting any further filings in this matter without first obtaining leave of the Court to do so.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   July 23, 2015          s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge